THE PEOPLE OF THE STATE OF NEW YORK ex rel. F. LE ROY SATTERLEE, Relator and Respondent, *v.* THE BOARD OF POLICE OF THE CITY OF NEW YORK, Appellant.

*Police surgeon — contract of, for salary — validity of —* § 2 *of chap.* 755 *of* 1873 — *" employes " in — meaning of.*

On the 21st of September, 1873, the relator was, by a resolution of the board of police, appointed police surgeon, at a salary of $1,500 a year. He accepted the office, performed its duties and drew the stipulated salary for more than two years. Subsequently, claiming that the salary of the office was fixed by law at $2,250 a year, he applied for a *mandamus* to compel the payment to him of the difference between that salary and the amount he had received.

*Held,* that even if he had received less than the full amount established by law, yet as he had accepted the position at a stated salary, it became a contract with the public to discharge the duties for the sum named, and that the receipt of such sum was a ratification of the contract, and that this application should be denied.

*Semble,* that a police surgeon is an "employe" within the meaning of that term as used in section 2 of chapter 755 of 1873, providing that "the board of police shall have power to fix the salaries and compensation of all clerks appointed by said board, and of all employes whom they may be authorized to appoint."

654    PEOPLE ex rel. SATTERLEE v. B'D OF POLICE.

FIRST DEPARTMENT, JANUARY TERM, 1878.

APPEAL from an order directing the police commissioners to draw a requisition upon the comptroller of the city of New York, requiring him to pay over to the treasurer of said board balances of salary claimed to be due to the relator, for a period commencing October 1, 1873, and extending to January 4, 1876.

The claim of the relator, as set forth in his moving papers, is, that he is entitled to salary as police surgeon, at the rate of $2,250 per annum; that he has been paid at the rate of $1,500 per annum only.

*D. J. Dean*, for the appellant.

*Charles W. Gould*, for the relator.

DAVIS, P. J. :

The relator was appointed a police surgeon on the 21st of September, 1873, under a resolution which expressly fixed his salary at $1,500. He accepted the position, knowing the salary thus attached to it, and had served for more than two years, drawing his pay monthly at the rate of $1,500 per year, apparently without complaint or objection. The contract thus made between the parties ought to be respected and enforced unless there is some overpowering rule of law to prevent its prevailing.

The relator was appointed under section 40 of chapter 335 of the Laws of 1873. He was not in office when that act took effect and was not therefore within the provision of section 43 of the act. When he was appointed, chapter 755 of the Laws of 1873 was in operation. By the second section of that act it was provided, that " The board of police shall have power to fix the salaries and compensation of all clerks appointed by said board, and of all employes whom they may be authorized to appoint." It was under the authority of this provision that the board acted. Their action was taken in good faith, and as its purpose was the retrenchment of expenses, it is entitled to commendation rather than condemnation, even if it was based upon a misapprehension of the law. The only doubt is whether police surgeons can properly be brought with in the words " employes whom they may be authorized to appoint." The word " employes " was not, I think, used exclusively in the sense of servants or laborers. The use of the word " salaries " in the same sentence, and of the word " appoint " in

PEOPLE ex rel. SATTERLEE v. B'D OF POLICE.    655

First Department, January Term, 1878.

immediate connection with "employes" require a larger significa·
tion, because mere servant or laborers are not usually appointed,
nor is their compensation usually made by salaries.   I think it is
no stretch of the just sense of the words used in the provision,
to hold that, physicians and surgeons appointed to attend the police-
men are embraced within them, and that it was competent to fix
their compensation by mutual agreement at a stipulated sum or salary.

But if this were not so the relator should be held estopped from
claiming a greater sum by his own contract and his subsequent
action.   He has put the board and the city in a position by his
acts where he cannot claim more than he seems willingly to have
received, without disturbing and embarrassing their financial affairs.

During the whole period the appropriations and requisitions have
been made upon the basis of the stipulated sum as his compen-
sation.   No more for that purpose has been raised by the city or
appropriated by the proper authorities, or required or received by the
police board.   And an attempt by peremptory *mandamus* to undo
what has been done, or to compel new sums to be raised, appro-
priated and required, is virtually to enable the relator to take advan-
tage of his own wrong in repudiating his well-understood and plain
contract.   No court should use its writ of *mandamus* for such a
purpose.   That writ is largely discretionary and should not be used
for any end which is not equitable and just.

I am satisfied, also, with the views of BRADY, J., that the con-
tract made and executed by carrying its terms into operation for the
period covered by the relator's claim should be held valid.

I think, also, that *mandamus* is not the proper remedy, even if
the relator has a lawful claim ; and for these reasons I concur with
my brother BRADY, that the order below should be reversed and
the motion denied with costs.


BRADY, J.:

The relator was appointed a police surgeon at a salary of $1,500
a year, and accepted the office as it was given to him.

The resolution appointing him contained a statement of the
amount of his salary, and he was paid at the rate named for a long
time.   He now claims that he is entitled to the compensation fixed
by the statute of 1866, chapter 361, which is $2,250.   It is asserted

in his behalf, that the commissioners had no power to diminish the salary established by law, and that, as soon as he was appointed, his right to such compensation was established.

Assuming this to be so it does not determine the inability of the relator to waive or extinguish any part of such compensation, and there can be no doubt that he may waive it. Having accepted the position with a stated salary, it became a contract with the public to discharge the duties for the sum named, and the receipt of such sum was a ratification of the engagement although the amount agreed upon is less than that authorized by law to be given. The agreement to receive less is neither against public policy or public morals, but rather in the spirit of retrenchment, which, it is true, is not always commendable and may sometimes be exercised to the public prejudice. If the relator did not wish to do the duties required for the sum named he could have said so, or if he had assumed on his appointment, that he was immediately entitled to compensation at the rate of $2,250 per annum, and had refused to take less, he might occupy a very different attitude in this controversy, but he does not seem to have done so and must accept the consequences of his voluntary act. This contract was made and is binding. The statute establishing the salary does not prohibit the employment of a surgeon at a less sum. It only declared the maximum, not minimum, of compensation.

None of the cases cited by the respondent is in conflict with this view. Indeed, the doctrine declared has been enunciated in this court by the case of *Drew* v. *The Mayor* (reported in 8 Hun, 443) where the salary of the plaintiff was fixed at sixty dollars per month, but he was employed by the comptroller at fifty dollars per month, and it was held, that he was bound by the contract and could not recover for the balance remaining unpaid, and which was the difference between the amount he agreed to accept and that regulated by the common council.

The cases are identical, because the resolutions of the common council had all the vigor of an act of the legislature.

The order appealed from should be reversed.

Ingalls, J., concurred.

Order reversed, with costs.